# IN THE SUPREME COURT OF THE STATE OF UTAH

----oo0oo----

FILED
UTAH APPELLATE COURTS

JUL 1 7 2015

Traci Endow,

Appellant,

v.

Case No. 20140024-SC

Utah Transit Authority, Richard
Castleberry, Frank Cosens, and
Brett Demille,

Appellees.

---

## ORDER

The Utah Federal District Court has certified to us the question of whether the Utah Anti-discrimination Act (UADA) provides for individual liability. Before discussing this question, however, we first address the Defendants' argument that we lack subject matter jurisdiction to answer the question because the federal district court lacks subject matter jurisdiction over the Plaintiff's UADA claims. While it is clear that we have original jurisdiction to answer the certified question,[1] there does appear to be significant uncertainty as to whether the federal district court has jurisdiction over these claims. Accordingly, we revoke our acceptance of the certified question as improvident.

While we do not decide whether the federal district court has jurisdiction over the Plaintiff's UADA claims, we note that Ms. Endow faces serious jurisdictional problems as to these claims, problems that were not brought to the attention of the federal district court in the Defendants' motion to dismiss. The court therefore had no opportunity to consider them. First, the commencement of the Plaintiff's federal law claims may bar the continuation of her UADA claims under the plain language of the Act.[2] Further, she may have failed to exhaust her administrative remedies under the

---

[1] See UTAH CONST. art. VIII, § 3; UTAH CODE § 78A-3-102(1); UTAH R. APP. P. 41(a).

[2] See UTAH CODE § 34A-5-107(15)–(16); see also Blauer v. Dep't of Workforce Servs., 2014 UT App 100, ¶ 12, 331 P.3d 1 (recognizing that filing federal law claims, including the transfer of a request for agency action to the federal EEOC, results in the plaintiff

(Continued)

UADA with respect to the individual defendants.[3] Because of these serious jurisdictional concerns, any opinion we issue on the certified question may be advisory,[4] and we do not issue advisory opinions.

While "our role in a certified case is . . . a step removed from a particular case or controversy, our function in such matters nonetheless involves the exercise of judicial power."[5] Therefore, "[o]ur function . . . is not to issue abstract, advisory opinions . . . . It is to resolve disputed questions of state law in a context and manner useful to the

---

losing his claims under the UADA); *McNeil v. Kennecott Utah Copper Corp.*, No. 2:08CV41DAK, 2009 WL 2554726, at *5–6 (D. Utah Aug. 18, 2009) *aff'd sub nom. McNeil v. Kennecott Holdings*, 381 F. App'x 791 (10th Cir. 2010) ("[A]ny claims Plaintiff may have had under the UADA were terminated by his choice to pursue his federal discrimination claims under Title VII. . . . [His UADA] claims are barred and should be dismissed.").

[3] *See* UTAH CODE § 34A-5-107(15)–(16); *see, e.g., Zions Mgmt. Servs. v. Record*, 2013 UT 36, ¶ 24, 305 P.3d 1062 (recognizing that because the UADA "grants 'exclusive' jurisdiction over discrimination claims to the Labor Commission, a district court's role in the adjudication of such claims is governed by the Utah Administrative Procedures Act (UAPA), which authorizes judicial review of agency action only *after* the parties have exhausted administrative remedies"(footnotes omitted)); *Buckner v. Kennard*, 2004 UT 78, ¶ 37, 99 P.3d 842 ("[T]he Utah Antidiscrimination Act prohibits certain employment practices. However, the exclusive remedy for an employee claiming a violation of the statute is an appeal to the state Division of Antidiscrimination and Labor. . . . Additionally, the Division of Antidiscrimination may seek judicial enforcement of its ruling. But the Act itself only provides for suit by the . . . Labor Commission to enforce one of its own rulings, not for a suit by a private citizen asserting a violation of the Act." (citations omitted)); *Horvath v. Savage Mfg., Inc.*, 18 F. Supp. 2d 1296, 1305 (D. Utah 1998) (noting that "to prove a violation of the [UADA], the Act requires that the aggrieved party file a request for agency action with the Division of Antidiscrimination and Labor. After the Department of Adjudication has reviewed the charge against the employer and made a decision, then the order may be subject to judicial review." (citation omitted)).

[4] We underscore that we do not decide whether the federal district court has jurisdiction over the Plaintiff's UADA claims. We were not presented with full briefing or a full record concerning these issues. For instance, while it does not appear that the Plaintiff filed an administrative claim against the individual defendants, we were only given one of the many documents relating to her administrative claim.

[5] *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 7, 289 P.3d 502.

-2-

resolution of a pending federal case."[6] Accordingly, although we have original jurisdiction, issuing what may well be an advisory opinion to a certified question would be an improper use of our judicial power.

For the above reasons, we revoke our acceptance of the certified question as improvident.

FOR THE COURT:

_2-17-15_

Date

Matthew B. Durrant

Chief Justice, Utah Supreme Court

---

[6] *Id.* ¶ 8.